ANNETTE KINGSLAND ZIEGLER, J.
¶ 76. (concurring) . I j oin the maj ority opinion. I write separately to note that, had the circuit court determined that the facts were as the State asserts, I would engage in the analysis that I put forth in my concurrence in State v. Blatterman. See State v. Blatterman, 2015 WI 46, 362 Wis. 2d 138, 864 N.W.2d 26 (Ziegler, J., concurring) (arguing that, because a prohibited alcohol concentration violation under Wis. Stat. § 346.63(1)(b) does not require proof of impairment, standard field sobriety tests are of limited value for determining whether a driver violated this statute).
¶ 77. In the present case, Deputy Andrew Smith suspected Patrick Hogan of operating a motor vehicle with a detectable amount of a restricted controlled substance in his blood, contrary to Wis. Stat. § 346.63(l)(am). This offense does not require proof of impairment. State v. Smet, 2005 WI App 263, ¶ 23, 288 Wis. 2d 525, 709 N.W.2d 474. This offense has two elements: (1) the defendant drove or operated a motor vehicle on a highway; and (2) the defendant had a detectable amount of a restricted controlled substance in his or her blood at the time the defendant drove or operated a motor vehicle. See Wis. Stat. § 346.63(1)(am); Wis. JI — Criminal 2664B. Although poor performance on standard field sobriety tests would support a determination that there is probable cause to arrest someone who is suspected of violating § 346.63(1)(am), operators may violate this statute even though they are able to pass standard field sobriety tests. Accordingly, whether *197 a driver who violates this statute is brought to justice might often depend on whether there is probable cause to arrest the driver and take him or her to a hospital for further testing, regardless of how he or she performs on standard field sobriety tests. In the present case, the circuit court's findings of fact do not allow me to engage in this type of analysis.
I 78. For the foregoing reasons, I respectfully concur.