STARK, P.J.[1]
¶1 Blake Lee Harrison was cited for operating a motor vehicle with a detectable amount of a restricted controlled substance in his blood, contrary to WIS. STAT . § 346.63(1)(am). Harrison filed a motion asserting that § 346.63(1)(am) is unconstitutional because it does not require the State to prove either impairment or intent. The circuit court agreed that § 346.63(1)(am) is unconstitutional, and it therefore dismissed the citation.
¶2 The State now appeals, arguing the circuit court's decision is inconsistent with State v. Luedtke , 2015 WI 42, 362 Wis. 2d 1, 863 N.W.2d 592, and State v. Smet , 2005 WI App 263, 288 Wis. 2d 525, 709 N.W.2d 474. We agree. Those cases expressly held that WIS. STAT . § 346.63(1)(am) is constitutional even though the State is not required to prove impairment or intent. We also reject Harrison's argument-raised for the first time on appeal-that § 346.63(1)(am) is unconstitutionally vague. Accordingly, we reverse the order dismissing Harrison's citation and remand for further proceedings.
BACKGROUND
¶3 On October 21, 2015, a Wisconsin state trooper stopped a vehicle that Harrison was driving for speeding. During the stop, the officer smelled the odor of burnt marijuana coming from Harrison. Harrison admitted the odor was marijuana and told the officer that he had last smoked marijuana "about 30 minutes ago." Harrison subsequently consented to a blood draw. A test performed by the Wisconsin State Laboratory of Hygiene showed that Harrison's blood sample contained 3.0 nanograms per milliliter of delta-9-THC, the primary active ingredient in marijuana. See Smet , 288 Wis. 2d 525, ¶2.
¶4 Harrison was ultimately cited for violating WIS. STAT . § 346.63(1)(am), which provides that no person may drive or operate a motor vehicle while the person "has a detectable amount of a restricted controlled substance in his or her blood." He then filed a motion asserting that § 346.63(1)(am) violates the state and federal constitutional guarantees "regarding due process, fundamental fairness, and equal protection" because it does not require the State to prove impairment or intent.
¶5 The circuit court agreed with Harrison that WIS. STAT . § 346.63(1)(am) is unconstitutional. The court reasoned that Luedtke and Smet -the principal cases relied upon by the State-were "incorrect" in their conclusions regarding the statute's constitutionality. Contrary to those cases, the court stated:
There is no rational basis for the legislature to conclude that the way to combat driving while under the influence of marijuana is to enforce a strict liability, zero-tolerance approach. Because the legislature has not codified the level of marijuana or THC that constitutes "impairment," WIS. STAT . § 346.63(1)(am) is fundamentally unfair and does not rationally further any purpose, and is therefore unconstitutional.
¶6 The circuit court also stated WIS. STAT . § 346.63(1)(am) 's failure to define the term "detectable amount" was "particularly concerning and could lead to absurd results." The court explained:
Unlike the alcohol OWI statute, which defines the level of intoxication required to be .08 ..., the controlled substances statute has no such definition. Trace amounts of controlled substances, unlike alcohol, can be retained in a person's body (in the fatty tissues) for an extended period of time without having any effect on a person. The legislature claims that the purpose of this statute is to increase highway safety, but charging individuals with OWI for having the smallest detectable amount of THC in their blood does nothing to further this legislative purpose, when there is no rational connection or scientific evidence linking a small amount of THC in the blood[ ] to impairment.
¶7 The circuit court further reasoned that WIS. STAT . § 346.63(1)(am) was unfair because a person who legally used marijuana in Colorado could be cited the next day for driving with a detectable amount of THC in his or her blood in Wisconsin and could therefore be punished "for partaking in completely legal behavior in Colorado." The court also concluded the statute was unfair because different laboratories are able to detect different levels of controlled substances, and, as a result, "[i]ndividuals with the same amounts of substance in their blood, but charged in different parts of the state[,] may come to different results in their cases simply because of a decision made in a testing lab or due to the equipment used."
¶8 Based on its conclusion that WIS. STAT . § 346.63(1)(am) was unconstitutional, the circuit court entered an order dismissing the citation against Harrison with prejudice. The State now appeals.
DISCUSSION
¶9 The constitutionality of a statute presents a question of law that we review independently. Smet , 288 Wis. 2d 525, ¶5. Statutes are presumed to be constitutional, and we resolve any doubt in favor of constitutionality. Id. A party seeking to establish that a statute is unconstitutional therefore faces a "heavy burden," in that he or she must prove the statute is unconstitutional beyond a reasonable doubt. Id.
¶10 The circuit court concluded WIS. STAT . § 346.63(1)(am) was unconstitutional because it had no rational basis and therefore violated due process. On appeal, Harrison instead contends-for the first time-that the statute is unconstitutional because it is void for vagueness. For the reasons explained below, we conclude § 346.63(1)(am) is not unconstitutional on either of these grounds.
I. Rational basis
¶11 Wisconsin appellate courts have twice rejected arguments that WIS. STAT . § 346.63(1)(am) lacks a rational basis and therefore violates due process. In Smet , the defendant argued there was no rational basis for the legislature to criminalize driving with a detectable amount of a restricted controlled substance in the blood without also requiring proof of impairment. See Smet , 288 Wis. 2d 525, ¶6. We rejected that argument, concluding § 346.63(1)(am) was rationally related to maintaining safe roadways, which was a proper exercise of the legislature's police power. Smet , 288 Wis. 2d 525, ¶¶8, 20. We explained the legislature "reasonably and rationally could have determined that, as a class, those who drive with unprescribed illegal chemicals in their blood represent a threat to public safety."Id. , ¶16. We further explained:
The legislature also reasonably and rationally could have concluded that the proscribed substances range widely in purity and potency and thus may be unpredictable in their duration and effect, or that, because no reliable measure of illicit drug impairment exists, the more prudent course is to ban any measure of marijuana metabolites in a driver's system. The legislature therefore could have concluded that maintenance of "absolute sobriety" in terms of these restricted controlled substances is reasonably and rationally related to public safety.
Id. , ¶17 (citations omitted).
¶12 In Luedtke , our supreme court concluded the absence of an intent element in WIS. STAT . § 346.63(1)(am) did not violate due process. Luedtke , 362 Wis. 2d 1, ¶¶74, 77. The court held the statute was "rationally related to achieving public safety" because the legislature could have reasonably concluded "that a strict liability, zero-tolerance approach is the best way to combat drugged driving." Id. , ¶77. The court conceded it "may be more difficult to deter people from driving after unknowingly ingesting a restricted controlled substance," but it reasoned such drivers "are at least as dangerous as those who knowingly ingest a restricted controlled substance." Id.
¶13 The circuit court concluded Smet and Luedtke were "incorrect," and it therefore declined to follow them. However, only the Wisconsin Supreme Court has the authority to overrule, modify, or withdraw language from previous supreme court opinions or published court of appeals opinions. Cook v. Cook , 208 Wis. 2d 166, 189-90, 560 N.W.2d 246 (1997). Thus, Smet and Luedtke are binding on both this court and the circuit court. The circuit court therefore erred by concluding that the legislature lacked a rational basis to criminalize driving with a detectable amount of a restricted controlled substance in the blood, without requiring the State to prove impairment or intent.
II. Vagueness
¶14 As noted above, Harrison now argues, for the first time, that WIS. STAT . § 346.63(1)(am) is unconstitutionally vague because it does not define the term "detectable amount."[2] Generally, a respondent may raise any argument on appeal that would permit us to affirm the circuit court's ruling, even if the argument was not raised in the circuit court. State v. Kiekhefer , 212 Wis. 2d 460, 475, 569 N.W.2d 316 (Ct. App. 1997). Accordingly, we do not agree with the State that Harrison has forfeited his right to raise a vagueness argument on appeal. However, we observe that Harrison's failure to raise a vagueness argument in the circuit court hampers our review because we lack a developed factual record on which to apply a constitutional vagueness analysis. As discussed below, Harrison's vagueness argument depends on several factual assertions that lack any evidentiary basis in the record-namely, that breathing in secondhand marijuana smoke can result in a detectable level of THC in a person's blood; that different law enforcement agencies in Wisconsin send blood samples to different laboratories for testing; and that different laboratories are able to detect different minimum levels of THC. Our review of Hanson's vagueness argument is limited to the record before us. See id. at 476.[3]
¶15 "[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." State v. Muehlenberg , 118 Wis. 2d 502, 507, 347 N.W.2d 914 (Ct. App. 1984) (citation omitted). We consider two prongs when analyzing whether a statute is void for vagueness. Id. First, the statute must be sufficiently definite to give a person of ordinary intelligence who seeks to avoid its penalties fair notice of the conduct that is required or prohibited. Id. Second, the statute must provide standards for those who enforce the laws and those who adjudicate guilt. Id.
¶16 Under the first prong of this test, a statute is unconstitutionally vague only if "it is so obscure that persons of common intelligence must necessarily guess at its meaning and differ as to its applicability." Id. (citation omitted). That is not the case here. Harrison argues WIS. STAT . § 346.63(1)(am) is impermissibly vague because the term "detectable amount" is undefined. However, "[w]e will not declare a statute to be unconstitutional on vagueness grounds 'if any reasonable and practical construction can be given its language or if its terms may be made reasonably certain by reference to other definable sources.' " State v. Lo , 228 Wis. 2d 531, 535-36, 599 N.W.2d 659 (Ct. App. 1999) (citation omitted). We frequently look to recognized dictionaries to establish the ordinary and accepted meanings of undefined statutory terms. See, e.g. , Door Cty. Highway Dep't v. DILHR , 137 Wis. 2d 280, 293-94, 404 N.W.2d 548 (Ct. App. 1987).
¶17 The dictionary definition of the word "detectable" is "capable of being detected." Detectable , WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1993). As relevant here, the verb "detect" is defined as "to discover or determine the existence, presence, or fact of ... [e.g.] the presence of alcohol in blood." Detect , WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1993). Based on these definitions, the plain meaning of the term "detectable amount" in WIS. STAT . § 346.63(1)(am) is any amount of a restricted controlled substance whose presence in a driver's blood can be determined. A person of ordinary intelligence would therefore understand that § 346.63(1)(am) prohibits operation of a motor vehicle by an individual who has any amount of a restricted controlled substance in his or her blood.
¶18 Our conclusion regarding the plain meaning of the term "detectable amount" is consistent with prior interpretations of WIS. STAT . § 346.63(1)(am) in Luedtke and Smet . Although neither of those cases addressed a vagueness challenge, the Luedtke court described the statute as adopting a "zero-tolerance approach" to drugged driving and stated the legislature could have reasonably decided "to ban drivers from having any amount [of a restricted controlled substance] in their systems." Luedtke , 362 Wis. 2d 1, ¶77. In Smet , this court similarly stated the legislature could have reasonably determined that the "more prudent course" was to "ban any measure of marijuana metabolites in a driver's system" and thus require drivers to maintain "absolute sobriety." Smet , 288 Wis. 2d 525, ¶17. These cases support our conclusion that a person of ordinary intelligence would understand § 346.63(1)(am) to prohibit the operation of a motor vehicle when a person has any amount of a restricted controlled substance in his or her blood.
¶19 Courts in other jurisdictions have similarly concluded that the term "detectable amount" is not unconstitutionally vague. For instance, in State v. Wilson , 588 So. 2d 733, 734 (La. Ct. App. 1991), the defendant challenged as unconstitutionally vague a statute that prohibited any person from knowingly or intentionally possessing "twenty-eight grams or more, but less than two hundred grams, of cocaine or a mixture or substance containing a detectable amount of cocaine." (Emphasis omitted.) The Louisiana Court of Appeal rejected that argument, holding the word "detectable" had "a distinct meaning," and "[a]ny reasonable person [could] understand that any mixture containing any amount of cocaine or its related substances [was] prohibited." Id.
¶20 Similarly, in United States v. Campbell , 61 F.3d 976, 980 (1st Cir. 1995), the First Circuit rejected a vagueness challenge to sentencing guidelines that set forth increasing penalties based on "the entire weight of any mixture or substance containing a detectable amount of the controlled substance." The court explained the guidelines sent a "clear" message "that those who dabble in controlled substances will be subject to prosecution if such substances are found." Id. at 980 n.4. The court further reasoned, "The fact that increasingly sophisticated technology permits increasingly smaller amounts to be detectable presents no constitutional vagueness problem; it simply means that the opportunities for violating the law without being caught are decreasing." Id.
¶21 Harrison nevertheless argues that WIS. STAT . § 346.63(1)(am) is unclear for four reasons. First, he contends the legislature "could have prohibited a person from driving with more than 0.0 nanograms/mL of THC in his blood," but it did not do so. However, we agree with the State that a person of ordinary intelligence would understand the term "detectable amount" "to mean zero, even if the legislature did not say 'zero.' " As the State aptly notes, if the legislature wanted to permit individuals to drive with some amount of THC in their blood, it could have specified a permissible amount. The fact that the legislature chose not to do so and instead prohibited driving with a "detectable amount" of THC in one's blood would clearly indicate to a person of ordinary intelligence that driving with any amount of THC in his or her blood would violate the statute.
¶22 Second, Harrison argues Muehlenberg supports a conclusion that WIS. STAT . § 346.63(1)(am) is unconstitutionally vague. In that case, the defendant argued a statute prohibiting the operation of a motor vehicle with a blood alcohol concentration of .10% or more was unconstitutionally vague because it was "not possible for a person to determine by his own senses whether his blood alcohol concentration is a 'legal' .09% or an 'illegal' .10%." Muehlenberg , 118 Wis. 2d at 503. We rejected that argument, reasoning that "any person with common sense will know when [his or her alcohol] consumption is approaching a meaningful amount" and will, at that point, have "clear warning" that driving could violate the statute. Id. at 509.
¶23 Harrison argues that, unlike a situation involving alcohol, "when a person consumes marijuana ... it is unclear what amount consumed during a period of time would constitute a clear warning that [the individual] must refrain from driving until there is no longer a 'detectable amount' in [his or her] blood." We conclude, however, that WIS. STAT . § 346.63(1)(am) provides an even clearer warning regarding the prohibited conduct than the statute at issue in Muehlenberg . The statute in that case permitted a person to drive after consuming some amount of alcohol but required the person to determine at what point his or her consumption was significant enough that driving might be prohibited. Here, in contrast, § 346.63(1)(am) clearly informs the reader that he or she may not drive with any amount of THC in his or her blood, regardless of when it was consumed, or in what quantity.
¶24 Third, Harrison asserts that "[m]edical marijuana has been legalized in several states." The circuit court similarly emphasized that a person could legally consume marijuana in another state-for instance, Colorado-and could then travel to Wisconsin and violate WIS. STAT . § 346.63(1)(am) by driving with a detectable amount of THC in his or her blood. The court found this result untenable because the person could be punished in Wisconsin "for partaking in completely legal behavior in Colorado." This analysis misses the mark. Section § 346.63(1)(am) does not punish a person for consuming marijuana in another state. Instead, it punishes a person who has consumed marijuana-whether in Wisconsin or elsewhere-for operating a motor vehicle in Wisconsin with a detectable amount of THC in his or her blood. The statute gives clear warning of the prohibited conduct, regardless of the location where an individual may have consumed marijuana.[4]
¶25 Fourth, Harrison suggests the statute is vague because "[s]econdary marijuana smoke can result in THC being absorbed into a bystander's blood." He posits that such a person-being aware of the secondhand exposure-could submit a blood sample to a laboratory before driving in order to determine whether THC was "detectable" in his or her blood. He further contends that laboratory might fail to find a "detectable amount" of THC, but a different laboratory used by police might detect THC using more sensitive equipment. According to Harrison, this example shows that "even with extraordinary efforts, a person cannot know whether he will or will not be in compliance with the law when he drives."
¶26 This argument fails because it rests on factual premises that are not supported by the record. Harrison cites no evidence to support his claim that secondary marijuana smoke can be absorbed into a bystander's blood and can thus result in THC being detected by a blood test. He also fails to cite any evidence supporting his claims that different laboratories are able to detect different minimum levels of THC, and that the same sample could therefore produce a negative result when tested at one laboratory but a positive result when tested at another. We need not consider factual allegations that are unsupported by evidence in the record. See Nelson v. Schreiner , 161 Wis. 2d 798, 804, 469 N.W.2d 214 (Ct. App. 1991).[5]
¶27 WISCONSIN STAT . § 346.63(1)(am) also passes muster under the second prong of the vagueness analysis. A statute satisfies this prong if it "provide[s] standards for those who enforce the laws and those who adjudicate guilt." State v. Popanz , 112 Wis. 2d 166, 173, 332 N.W.2d 750 (1983). In other words, a statute must be "sufficiently definite to allow law enforcement officers, judges, and juries to apply the terms of the law objectively to a defendant's conduct in order to determine guilt without having to create or apply their own standards." Id.
¶28 WISCONSIN STAT . § 346.63(1)(am) leaves no room for law enforcement, judges, or juries to create their own standards. The statute provides that a person may not operate a motor vehicle with a detectable amount of a restricted controlled substance in his or her blood. If the person's blood is tested and a restricted controlled substance is detected, the statute clearly permits law enforcement to issue a citation. If the person is tried to a jury, the statute provides a clear standard that the court can use to instruct the jury and that the jury, in turn, can use to determine whether a violation has occurred.
¶29 Harrison's sole argument regarding the second prong of the vagueness analysis is that WIS. STAT . § 346.63(1)(am) creates the possibility of disparate enforcement because law enforcement agencies in different parts of the state could send blood samples to different laboratories, which could have different minimum standards of detectability for THC. Again, however, this argument is based on factual premises that are unsupported by evidence in the record. Harrison cites no evidence demonstrating that police in different parts of the state use different laboratories to test blood samples for THC. He also fails to cite any evidence indicating that different laboratories used by police are able to detect THC at different minimum levels. Harrison's failure to cite such evidence is fatal to his argument. See Nelson , 161 Wis. 2d at 804. Moreover, as the State points out, the second prong of the vagueness analysis considers whether a statute provides uniform standards for those who enforce the laws and those who adjudicate guilt-i.e., law enforcement officers, judges, and juries. See Popanz , 112 Wis. 2d at 173. A laboratory neither enforces laws nor adjudicates a defendant's guilt; it merely provides evidence that may be used to establish a violation.
¶30 Ultimately, Harrison has failed to establish that WIS. STAT . § 346.63(1)(am) is unconstitutionally vague under either the first or second prong of the vagueness analysis. We therefore reject his argument that the statute is void for vagueness.
CONCLUSION
¶31 For the reasons explained above, we conclude Harrison has failed to overcome the presumption that WIS. STAT . § 346.63(1)(am) is constitutional. We therefore reverse the circuit court's order dismissing Harrison's citation for violating § 346.63(1)(am), and we remand for further proceedings on that citation.
By the Court. -Order reversed and cause remanded for further proceedings.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

The circuit court hinted at a vagueness issue in its written decision, stating the statute's failure to define the term "detectable amount" "could lead to absurd results." The court did not, however, expressly address whether the statute is unconstitutionally vague, nor did it apply the proper framework for analyzing a vagueness challenge.

Harrison asserts that the parties proceeded on "stipulated facts" in the circuit court and that those facts are "not challenged on appeal." However, that assertion is somewhat misleading. Although the circuit court proposed that the parties "stipulate a set of facts" and proceed without presenting evidence, no set of stipulated facts appears in the record. Harrison does not cite any document in the record supporting a conclusion that the State stipulated to any facts regarding the effect of secondhand marijuana smoke, whether different law enforcement agencies send blood samples to different laboratories for testing, or whether different laboratories are able to detect different minimum levels of THC. Moreover, Harrison did not raise any vagueness argument in the circuit court. Thus, even if the State did stipulate to certain, unidentified facts in the circuit court, we question whether it would be fair to hold the State to that stipulation on appeal as applied to an entirely new constitutional argument.

Moreover, we observe that Harrison has never asserted the THC detected in his blood was the result of legal marijuana consumption that occurred in another state. "[A] challenger whose conduct was clearly prohibited by the terms of a statute or ordinance does not have standing to challenge the vagueness of a statute or ordinance as hypothetically applied to the conduct of others." City of Milwaukee v. K.F. , 145 Wis. 2d 24, 34, 426 N.W.2d 329 (1988).

In addition, Harrison does not allege that the THC detected in his blood was the result of inhaling secondhand marijuana smoke or that he took a blood test before driving that informed him no THC was present in his blood. Again, Harrison cannot argue that Wis. Stat . § 346.63(1)(am) is unconstitutionally vague "as hypothetically applied to the conduct of others." See K.F. , 145 Wis. 2d at 34.