**COURT OF APPEALS
DECISION
DATED AND FILED**

**October 30. 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP702-CR**

Cir. Ct. No. **2018CT98**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT II**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

TUNIS JAY LAFEVER,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Fond du Lac County: ROBERT J. WIRTZ, Judge. *Affirmed*.

¶1 REILLY, P.J.[1] Tunis Jay LaFever appeals from a judgment of conviction for operating a motor vehicle with a detectable amount of a restricted

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

controlled substance in his blood, third offense, contrary to WIS. STAT. § 346.63(1)(am). LaFever challenges the circuit court's denial of his motion to suppress evidence, arguing that the officer unlawfully extended the traffic stop without reasonable suspicion. We disagree and affirm.

¶2 The facts are largely undisputed. On November 21, 2017, shortly after midnight, Fond du Lac County Sheriff's Deputy Michael Vis stopped LaFever for speeding in the township of Fond du Lac. LaFever had a passenger. LaFever stated that he was speeding because he wanted to get home after attending a concert in Milwaukee.

¶3 When Vis approached LaFever's vehicle, Vis observed that LaFever had bloodshot eyes and detected a slight odor of intoxicants but was unable to discern where the odor was coming from. LaFever denied drinking. Vis instructed LaFever to step out of the vehicle, and he issued LaFever a citation for speeding. After explaining the citation, Vis testified that he still smelled the odor of intoxicants, and he asked LaFever if he would be willing to complete field sobriety tests. Vis reported an indicator of impairment during the walk-and-turn test, two indicators of impairment during the one-leg-stand test, and heavy eye fluttering during the Romberg balance test. Vis also observed that LaFever's tongue was "bright green," which Vis attributed to marijuana use based on his training and experience. LaFever denied smoking marijuana. LaFever did agree to submit to a preliminary breath test (PBT), which did not detect the presence of alcohol in his system.

¶4 Vis testified that following the field sobriety tests, he did not believe that LaFever had been drinking, but based on his training and experience, there were multiple indicators that LaFever had smoked marijuana. Vis then spoke with

the passenger of the car, informing him—incorrectly—that LaFever admitted to smoking. The passenger confirmed that they had smoked marijuana earlier that night. Vis then placed LaFever under arrest and obtained a search warrant for LaFever's blood, which revealed the presence of Tetrahydricannabinols (THC), a restricted controlled substance.

¶5 LaFever filed a motion to suppress, arguing that Vis lacked the requisite reasonable suspicion to extend the traffic stop. The circuit court denied the motion, determining that Vis had reasonable suspicion to extend the traffic stop to "search for the truth."[2] LaFever pled no contest and was convicted under WIS. STAT. § 346.63(1)(am) for operating a motor vehicle with a detectable amount of a restricted controlled substance, third offense. LaFever appeals.

¶6 LaFever's argument on appeal is that Vis unlawfully extended the traffic stop without reasonable suspicion of an offense separate from the traffic stop for speeding. LaFever argues that Vis lacked additional suspicious factors that would allow Vis to continue his investigation—which he did through the field sobriety tests, the PBT, observing the condition of LaFever's tongue, and questioning the passenger—beyond the time necessary for the otherwise completed traffic stop. LaFever contends that he was only cited for speeding, and there were no other impairment indicators based on his driving. LaFever does not dispute that Vis had probable cause to stop him for speeding and does not argue that, after Vis completed his investigation (that LaFever claims was unlawful), Vis lacked probable cause to arrest him for violating WIS. STAT. § 346.63(1)(am).

---

[2] We acknowledge that the circuit court's reasoning that the stop could be extended to "search for the truth" is not a proper basis for extending a stop.

LaFever challenges only the legality of the extension of the stop that lead to his arrest.

¶7 We review a circuit court's decision on a motion to suppress based on a two-step standard of review. *State v. Eason*, 2001 WI 98, ¶9, 245 Wis. 2d 206, 629 N.W.2d 625. We will uphold a circuit court's factual findings unless they are clearly erroneous. *Id.* Whether an investigatory stop withstands constitutional muster, however, is a question of law we review independently. *State v. Krier*, 165 Wis. 2d 673, 676, 478 N.W.2d 63 (Ct. App. 1991).

¶8 Once a justifiable stop has been made, the stop may be extended if "the officer becomes aware of additional suspicious factors which are sufficient to give rise to an articulable suspicion that the person has committed or is committing an offense separate and distinct from the acts that prompted the officer's intervention in the first place." *State v. Betow*, 226 Wis. 2d 90, 94, 593 N.W.2d 499 (Ct. App. 1999). We must determine whether Vis "discovered information subsequent to the initial stop which, when combined with information already acquired, provided reasonable suspicion" that LaFever was driving under the influence or had a detectable amount of a restricted controlled substance in his blood. *See State v. Colstad*, 2003 WI App 25, ¶19, 260 Wis. 2d 406, 659 N.W.2d 394.

¶9 The test for reasonable suspicion uses a common sense approach when considering the totality of the facts and circumstances to determine "whether the facts of the case would warrant a reasonable police officer, in light of his or her training and experience, to suspect that the individual has committed, was committing, or is about to commit a crime." *State v. Post*, 2007 WI 60, ¶13, 301 Wis. 2d 1, 733 N.W.2d 634; *see also* WIS. STAT. § 968.24. An "officer 'must be

able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant'" the extension of the stop. *Post*, 301 Wis. 2d 1, ¶10 (quoting *Terry v. Ohio*, 392 U.S. 1, 21 (1968)). Additionally, the extension "must be based on more than an officer's 'inchoate and unparticularized suspicion or hunch.'" *Post*, 301 Wis. 2d 1, ¶10 (quoting *Terry*, 392 U.S. at 27).

¶10 Under the totality of the circumstances, we conclude that Vis had reasonable suspicion to extend the traffic stop. LaFever's argument is limited to impairment indicators based on his driving, but we note that our supreme court previously concluded that "a driver's actions need not be erratic, unsafe, or illegal to give rise to reasonable suspicion." *Post*, 301 Wis. 2d 1, ¶24. Furthermore, WIS. STAT. § 346.63(1)(am) does not require proof of impairment. *See State v. Smet*, 2005 WI App 263, ¶¶13, 16, 288 Wis. 2d 525, 709 N.W.2d 474 (noting that a "driver with a detectable amount of a restricted controlled substance in his or her blood" need not be impaired to be in violation of the statute).

¶11 When looking at the totality of the circumstances, we conclude that the odor of intoxicants and bloodshot eyes, in addition to the speeding and the time of night, created reasonable suspicion that LaFever could be driving under the influence and was more than sufficient to extend the stop for speeding to investigate whether LaFever was operating while under the influence of intoxicants.[3] *See State v. Lange*, 2009 WI 49, ¶32, 317 Wis. 2d 383, 766 N.W.2d

---

[3] LaFever suggests that the odor of intoxicants "certainly didn't come from LaFever's breath" as he "blew zeros on the PBT and there was no ethanol detected in his blood." We note that the main goal of an investigative stop is to quickly resolve ambiguity associated with suspicious conduct, which is exactly what took place in this case. *See State v. Anderson*, 155 Wis. 2d 77, 83-84, 454 N.W.2d 763 (1990).

551 (time of night relevant when combined with additional factors); *Post*, 301 Wis. 2d 1, ¶36 (time of night "significant" especially at "bar time"); *City of West Bend v. Wilkens*, 2005 WI App 36, ¶19, 278 Wis. 2d 643, 693 N.W.2d 324 (speeding is a factor we consider). After properly extending the stop, Vis observed additional suspicious factors that, while ruling out intoxication, did point to use of a controlled substance, to wit: the Romberg balance test, the green tongue, and the statement from the passenger that they had smoked marijuana. These factors were sufficient to provide the probable cause necessary to arrest LaFever for operating with a detectable amount of a restricted controlled substance in his blood. We see no error.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.