**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**April 16, 2020**

**Sheila T. Reiff**
**Clerk of Court of Appeals**

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2019AP1830-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2018CT156

**IN COURT OF APPEALS**
**DISTRICT IV**

---

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

KATELYN MARIE LEACH,

DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Waupaca County: VICKI L. CLUSSMAN, Judge. *Affirmed.*

¶1 FITZPATRICK, J.[1] Katelyn Leach appeals a judgment of conviction from the Waupaca County Circuit Court for operating a motor vehicle with a detectable amount of a controlled substance in her blood, second offense,

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

contrary to WIS. STAT. § 346.63(1)(am). On appeal, Leach challenges the denial of her motion to suppress evidence that she gave the arresting officer while questioned by the officer, and all evidence obtained thereafter. Leach argues that the evidence she gave the arresting officer was not given freely and voluntarily, and was thus illegally obtained, and that all subsequently acquired evidence was obtained through the exploitation of the illegally procured evidence. I affirm for the reasons set forth below.

## BACKGROUND

¶2 The following facts are largely taken from the transcript of the suppression hearing and are not in dispute.

¶3 Leach was charged with operating a motor vehicle with a detectable amount of a controlled substance in her blood, second offense, contrary to WIS. STAT. § 346.63(1)(am). Leach moved to suppress evidence given by her to the arresting officer, and any evidence obtained subsequent to that point.

¶4 At the suppression hearing, there was testimony by City of Weyauwega Police Officer Justin Malueg and by Gina Pecha, a passenger in Leach's vehicle at the time the vehicle was stopped by Officer Malueg.

¶5 Officer Malueg testified to the following. At approximately 9:20 p.m. on March 10, 2018, the officer stopped Leach's vehicle after observing the following: the vehicle failed to stop at a stop sign; the vehicle turned around in a church parking lot, which Officer Malueg "thought was odd"; the vehicle "swerved abruptly within its lane of travel" twice; and the vehicle "randomly braked two times." After stopping Leach's vehicle, Officer Malueg observed two

occupants inside the vehicle, Leach, who was driving, and Pecha. As he approached the vehicle, Officer Malueg smelled a "light odor of raw marijuana."

¶6 Officer Malueg asked Pecha to exit the vehicle. After Pecha exited the vehicle, Officer Malueg asked Pecha if she had any drugs or drug paraphernalia on her person. Officer Malueg "had informed [Pecha] that if she had a simple marijuana pipe or a small amount of weed, something relatively minor[,] that [he] could issue just a municipal citation … [and] that [he] would do so." "At that point," Pecha handed to Officer Malueg a "methamphetamine pipe with residue inside of it" and "items consistent with [the] usage of … marijuana."

¶7 Officer Malueg next questioned Leach. He "had a similar conversation with [Leach] as [he] did with [Pecha], in reference to a pipe, marijuana, something relatively minor." Officer Malueg informed Leach "that if it was minor paraphernalia or low level of THC, that municipal citations could be issued." "At that point," Leach "admitted she had a marijuana pipe on her and she retrieved it off her person."

¶8 After Leach gave Officer Malueg the marijuana pipe, he and other officers searched Leach's vehicle. "[A] small amount of shake," or "raw marijuana" was found inside the vehicle. After the raw marijuana was found, Officer Malueg questioned Leach and asked her about her recent drug use. Leach "informed [him] that she had smoked marijuana earlier in the day." Officer Malueg then questioned Pecha about Pecha's usage of marijuana, and Pecha informed him that she and Leach had smoked marijuana "before they had left Weyauwega, prior to [Officer Malueg] stop[ing] them."

¶9 Officer Malueg then questioned Leach again and, at that point, Leach admitted that she and Pecha "had smoked [marijuana] prior to just leaving."

Based on Leach's admission to recently smoking marijuana and his prior observations, Officer Malueg had Leach perform field sobriety tests, after which he placed Leach under arrest.

¶10     A recording from Officer Malueg's body camera of his interaction with Leach was played for the circuit court. After that recording was played, defense counsel questioned Officer Malueg as follows:

> [Defense counsel] [Y]ou indicated to [Leach], that if she gave up … whatever she had on her … you would only give her a municipal citation; is that correct?
>
> [Officer Malueg] Correct.
>
> [Defense counsel] And you also indicated that you were going to search her?
>
> [Officer Malueg] Correct, based off the odor, correct.

¶11     The circuit court denied Leach's suppression motion. The court concluded that Officer Malueg had reasonable suspicion to stop Leach's vehicle. The court determined that the stop was "conducted in a reasonable manner for trying to determine whether or not [Leach and Pecha] were in possession of any illegal substances, and then whether or not [Leach] was driving with restricted substances in her system." The court further determined that there was probable cause to search Leach's vehicle, as well as probable cause to arrest Leach.

¶12     Following the circuit court's denial of Leach's suppression motion, Leach filed a request with the court to make additional factual findings. The court granted Leach's request and made the following additional findings:

> I will make a finding that during the course of the traffic stop, Officer Malueg spoke to Ms. Leach and Ms. Pecha. I will further find that Officer Malueg spoke to Ms. Pecha first and Ms. Leach second. That the conversation with Ms. Leach was recorded, the initial conversation with

4

> Ms. Pecha was not. That Officer Malueg told Ms. Leach if she gave up her drugs, he would issue her a citation, but that if she did not, Officer Malueg would search her car. And that Officer Malueg told the same thing to Ms. Pecha.

¶13     Thereafter, Leach pleaded no contest to second offense operating a motor vehicle with a restricted substance.

## DISCUSSION

¶14     Leach argues that the circuit court erred in denying her motion to suppress evidence concerning the marijuana pipe she gave Officer Malueg and any evidence obtained thereafter. More particularly, Leach contends that, even though she voluntarily gave Officer Malueg her marijuana pipe, her consent was obtained through misrepresentation and was therefore coerced, meaning her consent was not voluntarily and freely given.[2] Leach further contends that the circuit court should also have suppressed any evidence obtained after the marijuana pipe was obtained because that evidence was "derivative."

¶15     The State does not refute Leach's argument that the marijuana pipe evidence was obtained through coercion and should have been suppressed on that basis. The State argues, however, that Officer Malueg nevertheless had probable cause to arrest Leach based on the remaining evidence that was not subject to suppression.

---

[2] Leach also argues that the marijuana pipe evidence should have been suppressed because the "search" of her person, that is to say, when Leach gave Officer Malueg the marijuana pipe, was not incident to a lawful arrest. I will conclude for purposes of this appeal that the marijuana pipe evidence should have been suppressed. Therefore, I do not address this argument. *See* ***Turner v. Taylor***, 2003 WI App 256, ¶1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716 (when a decision on one issue is dispositive, this court not reach other issues raised).

¶16 Below I set forth the standard of review and the governing legal principles, and then address the parties' arguments.

## I. Standard of Review.

¶17 When reviewing the denial of a motion to suppress evidence, this court upholds the circuit court's findings of historical fact unless those are clearly erroneous. *State v. Sykes*, 2005 WI 48, ¶12, 279 Wis. 2d 742, 695 N.W.2d 277. However, this court reviews de novo the circuit court's application of constitutional principles to those facts. *Id.* Accordingly, whether the facts as found by the circuit court establish a recognized exception justifying a warrantless search presents a question of law, which is reviewed de novo. *See State v. Phillips*, 2009 WI App 179, ¶¶6, 9, 322 Wis. 2d 576, 778 N.W.2d 157.

¶18 Also at issue in this appeal is whether Officer Malueg had probable cause to arrest Leach based on the evidence that was not subject to suppression. Probable cause to arrest is assessed on a case-by-case basis taking into account the totality of the circumstances. *State v. Lange*, 2009 WI 49, ¶20, 317 Wis. 2d 383, 766 N.W.2d 551. An objective standard that takes into consideration the information available to the officer and the officer's training and experience is applied when determining whether there is probable cause to arrest. *Id.* When the material facts are not in dispute, as in this appeal, whether probable cause to arrest exists is a question of law that is reviewed de novo. *Id.*

## II. The Marijuana Pipe.

¶19 Leach contends the evidence about the marijuana pipe she gave to Officer Malueg should have been suppressed because she did not give it to Officer Malueg freely and voluntarily.

¶20    This issue implicates Leach's right to be free from an unreasonable search and seizure.  The Fourth Amendment of the United States Constitution and Article I, Section 11 of the Wisconsin Constitution provide protection from those searches and seizures that are unreasonable.  *Sykes*, 279 Wis. 2d 742, ¶13; *see also Cady v. Dombrowski*, 413 U.S. 433, 439 (1973) ("The ultimate standard set forth in the Fourth Amendment is reasonableness.").  "Subject to a few well-delineated exceptions, warrantless searches are deemed per se unreasonable under the Fourth Amendment."  *State v. Faust*, 2004 WI 99, ¶11, 274 Wis. 2d 183, 682 N.W.2d 371.  One recognized exception is a search conducted pursuant to consent.  *State v. Artic*, 2010 WI 83, ¶29, 327 Wis. 2d 392, 786 N.W.2d 430.

¶21    On appeal, the State does not dispute Leach's argument that her consent was not free and voluntary and that the marijuana pipe evidence should have been suppressed on that basis.  It is well-established that arguments asserted by one party and not disputed by the other party may be taken as admitted.  *See Fischer v. Wisconsin Patients Comp. Fund*, 2002 WI App 192, ¶1 n.1, 256 Wis. 2d 848, 650 N.W.2d 75.  For the purpose of this appeal, I will assume without deciding that the marijuana pipe evidence should have been suppressed.  I now turn to Leach's argument that evidence obtained subsequent to the marijuana pipe delivery to the officer should also have been suppressed.

### III.  Evidence Discovered After the Marijuana Pipe.

¶22    Leach asserts that evidence obtained after she gave Office Malueg the marijuana pipe should also have been suppressed because that evidence was "derivative" of and "was discovered by exploitation" of the illegally obtained marijuana pipe evidence.

7

¶23    The "fruit of the poisonous tree" doctrine seeks to prevent parties from benefiting from evidence that is unlawfully obtained and, therefore, excludes evidence that is obtained by the exploitation of other, illegally obtained evidence. *See State v. Roberson*, 2006 WI 80, ¶¶32-33, 292 Wis. 2d 280, 717 N.W.2d 111. The burden is on the accused to prove that evidence is "fruit of the poisonous tree." *See State v. Knapp*, 2005 WI 127, ¶31, 285 Wis. 2d 86, 700 N.W.2d 899 (citing *Nardone v United States*, 308 U.S. 338, 341 (1939)).

¶24    Even though she has the burden in this situation, Leach does not develop an argument explaining how or why evidence obtained after the marijuana pipe was acquired should also be suppressed. Assertions that are not supported by reasons or legal authority will not be decided on appeal. *See State v. Pettit*, 171 Wis. 2d 627, 646-67, 492 N.W.2d 633 (Ct. App. 1992) (an appellate court will not decide issues that are inadequately briefed). Also, this court will not abandon its neutrality by making arguments for parties. *See Industrial Risk Insurers v. American Eng'g Testing, Inc.*, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82.[3]

¶25    Accordingly, I conclude that any evidence obtained after Leach gave Officer Malueg the marijuana pipe is not "fruit of the poisonous tree." The circuit court thus properly denied Leach's motion to suppress that evidence.

---

[3] Leach's "argument" on this point consists of generalized citations to case law and three conclusory sentences on separate pages of two briefs. The State's brief is not much better, but it does make the argument that there is sufficient evidence to support probable cause to arrest based on evidence obtained after seizure of the marijuana pipe.

### IV. Officer Malueg Had Probable Cause to Arrest Leach.

¶26 The State argues that the totality of the circumstances, taking into account the admissible evidence, provided probable cause for Officer Malueg to arrest Leach. I agree.

¶27 A warrantless arrest is unlawful unless the arrest is supported by probable cause. *State v. Blatterman*, 2015 WI 46, ¶34, 362 Wis. 2d 138, 864 N.W.2d 26. To repeat, probable cause to arrest "refers to that quantum of evidence within the arresting officer's knowledge at the time of the arrest that would lead a reasonable law enforcement officer to believe that the defendant was operating a motor vehicle [with a detectable amount of a controlled substance in her blood]." *State v. Lange*, 2009 WI 49, ¶19, 317 Wis. 2d 383, 768 N.W.2d 551. When determining whether probable cause existed to arrest a defendant, courts examine the totality of the circumstances and consider whether the officer "had 'facts and circumstances within his or her knowledge sufficient to warrant a reasonable person to conclude that the defendant … committed or [was] in the process of committing an offense.'" *Blatterman*, 362 Wis. 2d 138, ¶35 (quoted source omitted).

¶28 WISCONSIN STAT. § 346.63(1)(am) forbids anyone from operating a motor vehicle with "a detectable amount of a restricted controlled substance in his or her blood." Sec. 346.63(1)(am). The term "restricted controlled substance" applies to a number of drugs defined by WIS. STAT. § 340.01(50m), including delta–9–tetrahydrocannabinol, the primary active ingredient in marijuana. *See State v. Smet*, 2005 WI App 263, ¶¶2, 4, 288 Wis. 2d 525, 709 N.W.2d 474. Proof of impairment is not necessary to find a violation of § 346.63(1)(am). *See id.*, ¶¶15-16.

¶29 Leach argues that Officer Malueg did not have probable cause to arrest her because: the odor of marijuana was "[s]light" and there was more than one person in the vehicle.[4] Leach's argument fails because Officer Malueg had sufficient other evidence before him to support a reasonable belief that Leach had operated her vehicle with a detectable amount of a restricted substance in her blood. The most persuasive evidence was Leach's own admission that she had smoked marijuana a short time before driving. In addition, Leach exhibited driving behaviors that Officer Malueg found suspicious based on his training, and Officer Malueg discovered the presence of raw marijuana inside Leach's vehicle. I conclude that, under the totality of the circumstances, Officer Malueg had probable cause to believe that Leach had operated her vehicle with a detectable amount of a restricted controlled substance in her blood.

¶30 Accordingly, I conclude that, even if the circuit court erred in denying Leach's motion to suppress as to the marijuana pipe evidence (and I have assumed that only for the sake of argument), the court's failure to do so was harmless because the evidence obtained after Leach gave Officer Malueg the marijuana pipe was admissible and, under the totality of the circumstances, Officer Malueg had probable cause to arrest Leach. *See State v. Semrau*, 2000 WI App 54, ¶22, 233 Wis. 2d 508, 608 N.W.2d 376 (stating that the test for harmless error where the defendant pleaded guilty following the denial of a motion to suppress "is whether there is a reasonable possibility that the erroneous admission of the disputed evidence contributed to the conviction").

---

[4] Leach also asserts that there was no probable cause because, at the time Officer Malueg arrested Leach, "he had already found the source of the odor: Ms. Pecha's joint." The portion of the record Leach relies on does not support that contention, and Leach does not assert that the circuit court made such a finding. An appellate court does not consider assertions of fact that are not part of the record. *See Jenkins v. Sabourin*, 104 Wis. 2d 309, 313, 311 N.W.2d 600 (1981).

**CONCLUSION**

¶31  For the foregoing reasons, the judgment of the circuit court is affirmed.

*By the Court.*—Judgment affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.