STATE of Wisconsin, Plaintiff-Respondent,

v.

Tahj E. KITT, Defendant-Appellant.

Court of Appeals

*No. 2014AP500–CR. Submitted on briefs October 27, 2014.
—Decided December 17, 2014.*

2015 WI App 9

(Also reported in 859 N.W.2d 164.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Dustin C. Haskell*, assistant state public defender of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Anne C. Murphy*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Brown, C.J., Reilly and Gundrum, JJ.

¶ 1. REILLY, J.   Tahj Kitt was arrested on June 6, 2012, for selling cocaine and sat in jail until his sentencing on February 26, 2013. Kitt filed a postconviction motion requesting sentence credit and provided the court with a booking sheet from the Racine County Sheriff's Department reflecting that he had spent 265

days in jail between the time of his arrest and sentencing. Kitt requested approximately half of the 265 days be credited to his sentence (the balance of his time credited to other sentences). The court stated that it would "have the clerk take a look at it on the sentence in this case. If he's entitled to credit because of incarceration presentence on this matter he gets it." Apparently the clerk arrived at seventy-five days of sentence credit as the court, without explanation, denied Kitt's request and adopted the seventy-five-day figure.

¶ 2.   We reverse. When a convicted offender has put sentence credit at issue, the court—not the clerk—must make and explain the decision on how much sentence credit is to be awarded. As the record does not indicate how the court arrived at its decision and we cannot determine the exact amount of credit that Kitt is due from the evidence that he submitted, we remand for an evidentiary hearing.

¶ 3.   A convicted offender is entitled to presentence credit "for all days spent in custody in connection with the course of conduct for which sentence was imposed." WIS. STAT. § 973.155(1)(a) (2011–12).[1] The award of sentence credit is mandatory as a person may not serve more time than his or her sentence. *State v. Carter*, 2010 WI 77, ¶ 51, 327 Wis. 2d 1, 785 N.W.2d 516. The awarding of sentence credit is a judicial function that requires a court to make explicit findings related to the award or denial of sentence credit. *See* § 973.155(2); *see also Klimas v. State*, 75 Wis. 2d 244, 251–53, 249 N.W.2d 285 (1977). We apply de novo review to a circuit court's application of the sentence

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

credit statute as it presents a question of law. *State v. Rohl*, 160 Wis. 2d 325, 329, 466 N.W.2d 208 (Ct. App. 1991).

■

¶ 4. The State does not contest that Kitt was in custody for 265 days between his arrest and sentencing for the crime that he was arrested on, i.e., selling cocaine, and points to nothing in the record that supports the court's seventy-five-day sentence credit. The State's sole argument revolves around whether the booking sheet that Kitt provided to the court was adequate to meet Kitt's burden under *State v. Villalobos*, 196 Wis. 2d 141, 148, 537 N.W.2d 139 (Ct. App. 1995) (the burden for demonstrating both custody and its "connection with the course of conduct for which sentence was imposed" is on the convicted offender). The State highlights the booking sheet's use of the term "estimated" for the completion dates of Kitt's various sentences and commitments and, based on this, argues that "it is entirely possible" that Kitt did not complete his other sentences when indicated on the booking sheet.

¶ 5. Kitt met his burden to place the issue of sentence credit before the court by introducing the booking sheet showing that he was in custody from the time of his arrest until his sentencing on the charge he was arrested for. The initial presumption is that Kitt is entitled to credit for all 265 days between his arrest and sentencing. Kitt, however, acknowledged that he was not entitled to all of the time between his arrest and sentencing due to other sentences. It was the court's responsibility, not Kitt's nor the clerk's, to determine how many of the 265 days that Kitt spent in custody were for sentences or civil commitments not "in connec-

tion with the course of conduct for which sentence was imposed" and to deduct that amount from the 265–day total.

¶ 6. While a circuit court may seek assistance from its court clerk in accessing records that may be relevant to its determination, the award of sentence credit is the court's duty and the court must reach its own conclusion on the amount of sentence credit to be awarded and explain its findings and reasoning on the record. As the record does not support the court's award of seventy-five days and we cannot independently determine the exact amount of credit that Kitt is due, we remand for an on-the-record examination and explanation of sentence credit due to Kitt.

*By the Court.*—Judgment and order reversed and cause remanded with directions.