**2020 WI App 30**

# COURT OF APPEALS OF WISCONSIN
# PUBLISHED OPINION

Case No.:  2019AP1257-CR

Complete Title of Case:

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

WYATT WILLIAM KONTNY,

DEFENDANT-APPELLANT.

| | |
|---|---|
| Opinion Filed: | April 21, 2020 |
| Submitted on Briefs: | March 10, 2020 |
| Oral Argument: | |

| | |
|---|---|
| JUDGES: | Stark, P.J., Hruz and Seidl, JJ. |
| Concurred: | |
| Dissented: | |

Appellant
ATTORNEYS: On behalf of the defendant-appellant, the cause was submitted on the briefs of *Erica L.Bauer*, Appleton.

Respondent
ATTORNEYS: On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Joshua L. Kaul*, attorney general, and *Donald V. Latorraca*, assistant attorney general.

**COURT OF APPEALS
DECISION
DATED AND FILED**

**April 21, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1257-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2018CF74**

**IN COURT OF APPEALS**

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

WYATT WILLIAM KONTNY,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Marinette County: JAMES A. MORRISON, Judge. *Affirmed.*

Before Stark, P.J., Hruz and Seidl, JJ.

¶1 STARK, P.J. Wyatt Kontny appeals a judgment of conviction and an order denying his postconviction motion seeking one day of additional sentence

credit under WIS. STAT. § 973.155 (2017-18).[1] Kontny argues he is entitled to 162 days of sentence credit instead of 161 days because he should have been granted credit for the date of his arrest, during which he spent fourteen minutes in custody. The circuit court denied Kontny's motion for additional sentence credit, concluding Kontny was barred from seeking additional credit because he had stipulated to 161 days of sentence credit during his sentencing hearing.

¶2      On appeal, the State concedes the circuit court erred by concluding that Kontny's stipulation to the amount of sentence credit during his sentencing hearing barred him from seeking additional credit following his conviction. The State also concedes that Kontny was entitled to one day of credit for the date of his arrest, even though he was in custody for only fourteen minutes that day. The State argues, however, that Kontny is nevertheless entitled to only 161 days of sentence credit because he is not entitled to any credit for the date on which he was sentenced. We agree with the State that a defendant's sentencing date should not be included when calculating the amount of sentence credit to which the defendant is entitled. We therefore affirm Kontny's judgment of conviction and the order denying his postconviction motion, albeit on different grounds than those relied upon by the circuit court. *See State v. Smiter*, 2011 WI App 15, ¶9, 331 Wis. 2d 431, 793 N.W.2d 920 (2010) (court of appeals may affirm a circuit court's decision on different grounds).

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

## BACKGROUND

¶3      Kontny was arrested on April 23, 2018, at 11:46 p.m.  Cash bail was set at $10,000.  Kontny was unable to post bail and therefore remained in custody until his sentencing hearing on October 1, 2018.  At sentencing, the parties agreed that Kontny was entitled to 161 days of sentence credit.  In explaining that amount, Kontny's trial attorney stated Kontny had been in custody "since April 24th."  In accordance with the parties' agreement, the circuit court granted Kontny 161 days of sentence credit.

¶4      Kontny subsequently filed a postconviction motion seeking one day of additional sentence credit.  In his motion, Kontny alleged he was arrested on April 23, 2018, and remained in custody until his sentencing on October 1.  Kontny argued he was "entitled to one day of credit toward his sentence for every calendar day from April 23, 2018 to October 1, 2018, including the first and last calendar day," for a total of 162 days.  The circuit court denied Kontny's motion.  The court entered the following notation regarding the motion in its electronic case management system:  "DENIED- amount agreed on the record[;] it is binding."

¶5      Kontny filed a motion for reconsideration of the circuit court's decision.  The motion included a police report, which confirmed that Kontny was arrested at 11:46 p.m. on April 23, 2018.  The court denied Kontny's reconsideration motion.  The court found that Kontny "was arrested on April 23, 2018."  However, the court stated "the amount of sentence credit agreed to at the time of sentencing is binding."  Kontny now appeals, arguing the court erred by denying his request for one additional day of sentence credit.

**DISCUSSION**

¶6    The application of the sentence credit statute, WIS. STAT. § 973.155, to a particular set of facts presents a question of law that we review independently. *See State v. Hintz*, 2007 WI App 113, ¶5, 300 Wis. 2d 583, 731 N.W.2d 646. In so doing, however, we will uphold any factual findings made by the circuit court unless they are clearly erroneous. ***Id.***

¶7    The purpose of WIS. STAT. § 973.155 is to prevent a defendant from serving more time than is required under his or her sentence. ***State v. Elandis Johnson***, 2009 WI 57, ¶31, 318 Wis. 2d 21, 767 N.W.2d 207. The statute therefore provides that a convicted offender "shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed." Sec. 973.155(1)(a). Specifically, an offender is entitled to sentence credit for time spent in custody "[w]hile the offender is awaiting trial," "[w]hile the offender is being tried," and "[w]hile the offender is awaiting imposition of sentence after trial." Sec. 973.155(1)(a)1.-3.

¶8    In his postconviction motion, Kontny argued he was entitled to one additional day of sentence credit for the date of his arrest—April 23, 2018. The circuit court denied Kontny's motion, reasoning that Kontny was barred from seeking additional sentence credit because he had agreed at sentencing that he was entitled to only 161 days of credit. On appeal, the State concedes the court's reasoning in this regard was erroneous. We agree with that concession.

¶9    An award of sentence credit under WIS. STAT. § 973.155 is "mandatory." ***State v. Carter***, 2010 WI 77, ¶51, 327 Wis. 2d 1, 785 N.W.2d 516. "A sentencing court must give credit accorded by statute because 'a person [may] not serve more time than that for which he [or she] is sentenced.'" ***Id.*** (citation

omitted; first alteration in *Carter*). The plain language of § 973.155(1)(a) mandates that an offender "shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed." Nothing in § 973.155 authorizes the parties to agree to an amount of sentence credit that differs from the amount to which the defendant is entitled under the statute. We therefore agree with both Kontny and the State that an agreement between the parties as to the proper amount of sentence credit—even if adopted by the circuit court during the sentencing hearing—does not prevent a defendant from later arguing in a postconviction motion that the amount of sentence credit awarded by the court was erroneous.

¶10   The State also concedes on appeal that Kontny was entitled to one day of sentence credit for the date of his arrest. The circuit court found that Kontny was arrested on April 23, 2018. The record supports that finding, as it shows that Kontny was arrested at 11:46 p.m. on that date. We have previously held that a defendant "is entitled to a day of sentence credit for each calendar day during which he [or she] spent at least part of the day in custody." *State v. Antonio Johnson*, 2018 WI App 2, ¶8, 379 Wis. 2d 684, 906 N.W.2d 704 (2017). Accordingly, the defendant in *Antonio Johnson* was entitled to one day of sentence credit for a calendar day on which he spent less than one hour in custody. *Id.*, ¶¶3, 8. Similarly, in this case, Kontny is entitled to one day of sentence credit for April 23, 2018, even though he was in custody for only fourteen minutes that day.

¶11   Nevertheless, we agree with the State that Kontny is entitled to a total of only 161 days of sentence credit. As the State correctly observes, Kontny's argument that he is entitled to 162 days of sentence credit rests on the assumption that he is entitled to one day of credit for October 1, 2018, the date on which he was sentenced. However, under WIS. STAT. § 973.15(1), "all sentences commence at

noon on the day of sentence." The sentence credit statute, in turn, provides that an offender is entitled to sentence credit for all days spent in custody "[w]hile the offender is *awaiting imposition of sentence* after trial." WIS. STAT. § 973.155(1)(a)3. (emphasis added).

¶12   Reading these statutes together, we conclude a defendant is not entitled to sentence credit for the date on which he or she is sentenced. The statutory language "awaiting imposition of sentence" does not include the date of sentencing because that is the date a defendant's sentence begins. As such, the date of sentencing is counted toward the service of the defendant's sentence. If a defendant also received sentence credit for the date of his or her sentencing, the defendant would receive double credit for that day. That result would be absurd, and we must interpret statutes so as to avoid absurd results.[2] *See State ex rel. Kalal v. Circuit Court for Dane Cty.*, 2004 WI 58, ¶46, 271 Wis. 2d 633, 681 N.W.2d 110.

¶13   Accordingly, we conclude Kontny is not entitled to sentence credit for October 1, 2018—the date he was sentenced. Because Kontny is entitled to only 161 days of sentence credit, the circuit court properly denied his postconviction motion.

*By the Court.*—Judgment and order affirmed.

---

[2] In his reply brief, Kontny asserts the State's argument that he is not entitled to sentence credit for the date of sentencing is insufficiently developed because the State did not cite any legal authority in support of that argument. However, as explained above, the relevant statutes support the State's position. We therefore reject Kontny's assertion that the State's argument is insufficiently developed.