COURT OF APPEALS
DECISION
DATED AND FILED

December 29, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP33-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2015CF58**

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

TANYA M. LIEDKE,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Fond du Lac County: RICHARD J. NUSS, Judge. *Affirmed in part; reversed in part and cause remanded with directions.*

Before Neubauer, Reilly and Grogan, JJ.

¶1 REILLY, J. Tanya M. Liedke appeals from an order denying her motion for correction of sentence credit. She argues that she is entitled to additional sentence credit based on an erroneous calculation. Liedke further

claims entitlement to sentence credit for the time spent on GPS monitoring. She argues that our supreme court's interpretation of the statutory term "custody" in *State v. Magnuson*, 2000 WI 19, 233 Wis. 2d 40, 606 N.W.2d 536, violates her right to equal protection. We reject Liedke's equal protection argument and agree with the circuit court that she is not entitled to sentence credit for the time she spent on a GPS monitor. We reverse on the amount of sentence credit, as the parties agree that Liedke is entitled to additional credit but dispute what the amount is. As the record before us does not allow us to make that calculation, we remand for the court to determine the correct amount of sentence credit.

## BACKGROUND

¶2     In 2015, Liedke was charged in a sixteen-count complaint with burglary, forgery, attempted forgery, identity theft, and bail jumping, based on her act of breaking into her landlord's home, stealing pills and a check, and then attempting to cash the check. She pled no contest to five of the counts, all as a repeater, and the remaining counts were dismissed and read in.[1] On Counts 1, 2, and 3, the court imposed and stayed a five-year sentence on each count (two and one-half years' initial confinement and two and one-half years' extended supervision) to be served consecutively to each other and any other sentence, placed Liedke on probation for four years, and awarded 164 days of sentence credit. On Counts 4 and 5, the court withheld sentence, placed Liedke on probation for four years, and likewise granted 164 days of sentence credit in the event her probation was revoked. Liedke was ordered to participate in drug

---

[1] Liedke also pled no contest to charges in two other cases.

treatment court as a condition of her probation, and the GPS bracelet was a condition of the drug treatment court.

¶3    Liedke's probation did not go well, and she was in and out of jail numerous times for violating conditions of her probation. On May 4, 2018, Liedke's probation was revoked, and she began serving the imposed sentence on Counts 1-3. On Counts 4 and 5, Liedke was returned to the sentencing court for sentencing on her withheld sentence, and the court imposed a four-year term of imprisonment on each count—two years' initial confinement and two years' extended supervision—concurrent to each other and any other sentence. The court awarded 421 days of sentence credit.

¶4    In November 2018, by letter to the circuit court, Liedke sought credit of 421 days on the sentence she was serving for Counts 1-3. In other words, she requested credit equal to the credit received for Counts 4 and 5.[2] The court denied her request, explaining that "[c]redit on JOC [(judgment of conviction)] is correct. Further concerns need to be addressed by [the Department of Corrections (DOC)]."

¶5    Liedke sought clarification or modification of her sentence credit from the circuit court four more times. She sent two letters to the court on December 2 and 20, 2018. Again, the court responded: "JOC is attached. As stated previously you received the correct credit. Per JOC that's 421 days." Liedke then sought credit modification by motion. She filed the first motion on January 9, 2019, pro se, stating that she "received 398 jail credit days on counts 1-

_____

[2] Dual credit is permissible only when two sentences are imposed concurrently. *See* *State v. Boettcher*, 144 Wis. 2d 86, 100, 423 N.W.2d 533 (1988).

3, [and] on counts 4-5 [she] received 421" and seeking additional credit for the days she spent in the Fond du Lac Drug Court program. The court denied her motion, stating, "No new factor [and] all credit concerns were previously addressed."

¶6    The second motion was made on December 18, 2019, with counsel, seeking sentence correction from 421 to 435 days. Liedke also sought credit on equal protection grounds for 147 days that she wore a GPS bracelet. Liedke asked that both judgments of conviction be amended. The court again denied her motion, "find[ing] that a defendant is not entitled to sentence credit when placed on a GPS bracelet while on probation because they are not in custody" and that "the court does not recalculate sentence credit and amend a judgment of conviction following a revocation of probation on an imposed and stayed sentence to reflect additional credit resulting from the revocation as that is the responsibility of DOC." Liedke appeals.

## DISCUSSION

¶7    On appeal, Liedke argues that she is entitled to a total of 582 days of credit, which includes 435 days of credit—rather than the awarded 421 days—as well as 147 days of credit for time wearing a GPS bracelet. The State argues that Liedke is not entitled to the 147 days for wearing a GPS bracelet, as that question was answered in *Magnuson*, 233 Wis. 2d 40, ¶25. As to whether the amount of credit was properly calculated at the time of sentencing on Counts 4 and 5, the State agrees that Liedke was entitled to some additional sentence credit but does not agree with Liedke's 435-day calculation. The State also makes a procedural argument that we should dismiss this appeal on the ground that under WIS. STAT.

§ 973.155(5) (2019-20),[3] Liedke was required to petition DOC prior to seeking credit correction from the circuit court.

*GPS Monitoring and Equal Protection*

¶8      Liedke is not entitled to sentence credit for the 147 days she was under GPS monitoring.  In ***Magnuson***, our supreme court engaged in statutory interpretation to address and then apply the "definition of custody for purposes of sentence credit under WIS. STAT. § 973.155."  ***Magnuson***, 233 Wis. 2d 40, ¶¶11-13 ("Statutory interpretation and the application of a statute to particular facts present questions of law that we review independently of the determinations rendered by the circuit court and the court of appeals.").  The court's definition of "custody" became a bright-line "rule" under § 973.155(1)(a), when the court rejected the previous case-by-case determination of custody.  ***Magnuson***, 233 Wis. 2d 40, ¶¶18, 22.  According to the court, "an offender's status constitutes custody whenever the offender is subject to an escape charge for leaving that status."  ***Id.***, ¶¶25, 31, 47.  We are bound by the definition of "custody" set forth in the sentence credit statute, in what has become known as the ***Magnuson*** "rule."[4] *See **Cook v. Cook***, 208 Wis. 2d 166, 189, 560 N.W.2d 246 (1997).  Liedke was not subject to an escape charge while under GPS monitoring and, therefore, is not entitled to sentence credit.

---

[3] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[4] Our supreme court recently re-affirmed ***Magnuson***'s definition of "in custody" in ***State v. Friedlander***, 2019 WI 22, ¶¶2, 48, 385 Wis. 2d 633, 923 N.W.2d 849 ("We conclude that for the purpose of receiving sentence credit under [WIS. STAT.] § 973.155, a defendant is 'in custody' whenever the defendant is subject to an escape charge under WIS. STAT. § 946.42, or another statute which expressly provides for an escape charge, as this court held in ***Magnuson***.").

¶9     Our analysis could end there, but Liedke frames her challenge in constitutional terms, explaining that "[t]he *Magnuson* court wasn't asked to consider, and did not address, the equal protection implications of its custody test. This court should do so here." According to Liedke, "*Magnuson* results in disparate treatment of similarly situated groups," composed of probationers who wore a GPS bracelet and faced an escape charge and those who did not face an escape charge. Despite her broad pronouncement regarding the effect of our supreme court's interpretation of the sentence credit as set forth in *Magnuson*, Liedke defines her argument as an "as applied" challenge.

¶10     The right to equal protection is guaranteed by both the United States Constitution and our state constitution. U.S. CONST. amend XIV; WIS. CONST. art. I, § 1. The equal protection clause protects by requiring that the State "have reasonable and practical grounds for the classifications that it draws." *State v. Quintana*, 2008 WI 33, ¶79, 308 Wis. 2d 615, 748 N.W.2d 447. Challenges to these classifications of criminal offenders are subject to the rational basis test.[5] *See Hilber v. State*, 89 Wis. 2d 49, 54, 277 N.W.2d 839 (1979); *State v. Chapman*, 175 Wis. 2d 231, 245, 499 N.W.2d 222 (Ct. App. 1993). "Under this

---

[5] Liedke argues that the *Magnuson* rule—relating the meaning of custody "solely to the possibility of an escape charge"—creates a "disparity of treatment" that "impinges on the right to '[f]reedom from physical restraint'" and the right to liberty protected by the Due Process Clause. *See Winnebago County v. Christopher S.*, 2016 WI 1, ¶37, 366 Wis. 2d 1, 878 N.W.2d 109. Given that this question implicates a fundamental right, Liedke claims, the *Magnuson* rule must survive strict scrutiny. Liedke, however, presents no cases where strict scrutiny was applied to a case involving sentencing credit. *See Milwaukee County v. Mary F.-R.*, 2013 WI 92, ¶38, 351 Wis. 2d 273, 839 N.W.2d 581; *Foucha v. Louisiana*, 504 U.S. 71, 86 (1992). The State, in contrast, identifies several cases where rational basis, rather than strict scrutiny, was applied to an equal protection challenge involving sentence credit. *See Hilber v. State*, 89 Wis. 2d 49, 54, 277 N.W.2d 839 (1979); *State v. Chapman*, 175 Wis. 2d 231, 245, 499 N.W.2d 222 (Ct. App. 1993); *Reginald D. v. State*, 193 Wis. 2d 299, 306, 312-13, 533 N.W.2d 181 (1995); *see also Klotz v. Richardson*, No. 14-CV-1040, 2015 U.S. Dist. LEXIS 70488, at *7-9 (E.D. Wis. June 1, 2015). We conclude that Liedke's equal protection claim is subject to rational basis review.

'rational basis' test, equal protection is violated only if the classification rests upon grounds wholly irrelevant to the achievement of the state's objective." *State v. Smet*, 2005 WI App 263, ¶21, 288 Wis. 2d 525, 709 N.W.2d 474. "The legislature need not state the purpose or rationale justifying the classification" provided that "there is a plausible explanation for the classification, [then] we will uphold the law." *Id.* "[T]he basic test is not whether some inequality results from the classification but whether there exists a rational basis to justify the inequality of the classification." *State ex rel. Harr v. Berge*, 2004 WI App 105, ¶5, 273 Wis. 2d 481, 681 N.W.2d 282 (citation omitted).

¶11    Liedke complains that treating probationers such as herself who are subject to GPS monitoring *differently* from prisoners subject to GPS monitoring on intensive sanctions—for purposes of determining sentence credit—violates her equal protection rights. In this case, however, we are satisfied that the sentence credit statute, as interpreted by *Magnuson*, does not violate Liedke's equal protection rights. While the statute with "in custody" defined as "subject to an escape" charge may indeed treat offenders subject to GPS monitoring differently, there is certainly a rational basis for the legislative classification. *See Chapman*, 175 Wis. 2d at 245 (applying rational basis review to an equal protection challenge involving sentence credit and holding that "any reasonable basis for the difference in treatment [of criminal offenders] will validate" the classification). Prisoners on intensive sanctions are subject to far more restrictive conditions than Liedke has demonstrated she was under, given that the intensive sanctions program has component phases that are intensive and highly structured and includes eighteen specific restrictions on liberty. *See* WIS. ADMIN. CODE § DOC 333.07(1)(a)–(r). Treating those on ordinary probation differently for sentence credit purposes from those sentenced to or placed on intensive sanctions reflects the different purposes

of probation and intensive sanctions. *See* WIS. STAT. § 301.048(1)(a) (explaining that intensive sanctions is less costly than physical imprisonment and more restrictive than standard probation or parole). Liedke does not identify other specific restrictions that she was subject to while on probation, much less show that these restrictions were like those associated with intensive sanctions.

¶12    The statutory distinction promotes consistency and uniformity as methods of custody develop, which are both rational and relevant considerations in achieving the state's objective of providing sentence credit when the restrictive situation subjects an offender to an escape charge, and is therefore custodial. *Magnuson*, 233 Wis. 2d 40, ¶¶22, 25. Again, it is not within our power to overrule or modify the meaning of the statutory term "custody" set forth by *Magnuson*; moreover, the *Magnuson* court's definition of custody for the purpose of sentencing credit is not "wholly irrelevant to the achievement of the state's objective." *See Smet*, 288 Wis. 2d 525, ¶21. We reject Liedke's claim and affirm the circuit court's order on this issue.

*Erroneous Sentencing Credit*

¶13    We next address Liedke's contention that she is entitled to 435 days of credit, rather than the 421 days entered by the circuit court. WISCONSIN STAT. § 973.155(1)(a) provides that a defendant "shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed." "The award of sentence credit is mandatory as a person may not serve more time than his or her sentence." *State v. Kitt*, 2015 WI App 9, ¶3, 359 Wis. 2d 592, 859 N.W.2d 164 (citing *State v. Carter*, 2010 WI 77, ¶51, 327 Wis. 2d 1, 785 N.W.2d 516). Further, awarding sentence credit is a judicial function that requires a court to make explicit

8

findings.[6] *See* § 973.155(2); *see also* **Klimas v. State**, 75 Wis. 2d 244, 251-53, 249 N.W.2d 285 (1977). Whether a defendant is entitled to sentence credit involves the application of the statute to a particular set of facts, which presents a question of law. **State v. Rohl**, 160 Wis. 2d 325, 329, 466 N.W.2d 208 (Ct. App. 1991).

¶14    There are three situations pursuant to which the circuit court may consider sentence modification: "(1) a clear mistake was made at sentencing, calling for a correction of a formal or clerical error, or an illegal sentence; (2) a new factor is presented, one that the circuit court could not or did not consider in the original sentencing but now should consider in order to fulfill the purposes of the original sentence; and (3) the sentence is unduly harsh or unconscionable." **State v. Dowdy**, 2010 WI App 158, ¶28, 330 Wis. 2d 444, 792 N.W.2d 230; *see also* **State v. Crochiere**, 2004 WI 78, ¶12, 273 Wis. 2d 57, 681 N.W.2d 524 ("[A] court has the power to correct formal or clerical errors or an illegal or a void sentence at any time." (citation omitted)), *abrogated on other grounds by* **State v. Harbor**, 2011 WI 28, 333 Wis. 2d 53, 797 N.W.2d 828.

¶15    As an initial matter, the State argues that WIS. STAT. § 973.155(5) requires Liedke to petition DOC for sentence credit prior to petitioning the circuit court for relief. "[W]hen the person does not comply with section 973.155(5)'s

---

[6] Determining the proper amount of sentence credit requires application of WIS. STAT. § 973.155 to undisputed facts. A defendant is entitled to sentence credit if: (1) the defendant "was 'in custody' for the period under consideration," and (2) that "custody was 'in connection with the course of conduct for which sentence was imposed.'" **State v. Obriecht**, 2015 WI 66, ¶25, 363 Wis. 2d 816, 867 N.W.2d 387 (citation omitted). "To qualify as time spent 'in connection with' the course of conduct giving rise to a sentence, a period of custody must be 'factually connected with the course of conduct for which sentence was imposed.'" **State v. Zahurones**, 2019 WI App 57, ¶14, 389 Wis. 2d 69, 934 N.W.2d 905 (citation omitted). "[A] mere procedural connection will not suffice." **Id.** (alteration in original; citation omitted).

mandated procedures," claims the State, "the sentencing court lacks competency to decide sentence credit." Under the circumstances, we disagree.

¶16    WISCONSIN STAT. § 973.155(5) provides:

> *If this section has not been applied at sentencing to any person who is in custody or to any person who is on probation, extended supervision or parole*, the person may petition the department to be given credit under this section. Upon proper verification of the facts alleged in the petition, this section shall be applied retroactively to the person. If the department is unable to determine whether credit should be given, or otherwise refuses to award retroactive credit, the person may petition the sentencing court for relief. This subsection applies to any person, regardless of the date he or she was sentenced.

(Emphasis added.) Pursuant to the plain language of the statute, subsec. (5) is applicable where § 973.155 was not "applied at sentencing." Sec. 973.155(5). Liedke argues that there was an error in the circuit court's credit determination, not that the sentencing credit statute had not been applied to her case.[7] She was

---

[7]    WISCONSIN JI—CRIMINAL SM-34A(VI) (2021) (emphasis added), also provides insight for correcting sentence credit errors:

> Since the effective date of [WIS. STAT. §] 973.155 in 1978, it has been required that the sentence credit determination be made part of the judgment of conviction as a finding by the court. As stressed above in Section III.A., judicial time and energy may be saved if courts require accurate information at the time of sentencing and impress upon the parties the importance of making the credit determination at that time. Even when this is done, however, the credit determination may turn out to be wrong and need correction. Correcting an erroneous credit determination is required even if the defendant stipulated to that determination. [*State v. Kontny*, 2020 WI App 30, ¶¶7-9, 392 Wis. 2d 311, 943 N.W.2d 923].

(continued)

granted sentence credit under § 973.155 at sentencing; thus, § 973.155(5) is inapplicable to Liedke. The award of sentence credit is a matter of equal protection and "is designed to afford fairness so that a person does not serve more time than that to which he or she is sentenced." *State v. Obriecht*, 2015 WI 66, ¶23, 363 Wis. 2d 816, 867 N.W.2d 387. Accordingly, and as stated previously, "a court has the power to correct formal or clerical errors or an illegal or a void sentence *at any time*." *Crochiere*, 273 Wis. 2d 57, ¶12 (emphasis added; citation omitted). Liedke was not required to first petition DOC in this case.

¶17     Next we address Liedke's argument that she is entitled to 435 days, not 421 days of credit. The State has conceded error[8] and agrees that Liedke may

---

If a determination was not made in the judgment, past practice has been to first petition the Department of Corrections for credit. *When a determination has been made part of the judgment, any change in that determination requires an amendment of the judgment. While administrative change of the sentence credit finding might be more convenient, a finding in a judgment simply may not be amended by administrative action.*

[8] The State and Liedke created helpful charts to demonstrate the discrepancies between its calculations and those of Liedke. Both Liedke and the State agree that Liedke is entitled to an extra day of pre-plea sentencing credit (165 days versus 164 days), as it appears that Liedke did not receive credit for the day of her arrest. *See Kontny*, 392 Wis. 2d 311, ¶¶10-12. The State then postulates that "Liedke appears to be entitled to 400 days credit on Counts One, Two, and Three and to 422 days of credit on Counts Four and Five."

(continued)

11

be entitled to additional sentence credit, "but not as much as she seeks." Based upon the State's concession of error, we reverse and remand for a determination as to the amount of sentence credit Liedke is due.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded with directions.

Not recommended for publication in the official reports.

---

Both sides appear to agree Liedke was in custody during a thirty-five-day time period, which purportedly covers the time from November 15, 2017, to December 20, 2017. However, Liedke argues that she is entitled to credit for pre-revocation jail time from October 30, 2017, to December 20, 2017, and contends that the "record contains no clear explanation for this 35-day discrepancy." The State's brief also contains a contradiction as to the applicable time period. It first lists "November 15, 2017, to December 20, 2017" as the time period it contends Liedke was serving unrelated misdemeanor sentences. But the State later says: "While Liedke may have been in custody for 36 days from November 16, 2017 to December 12, 2017, that custody was in connection with a sentence imposed on two unrelated cases." The State's later time period does not equal thirty-five days. It covers twenty-six days. We are unable to determine whether that time period was factually connected to Liedke's crimes in this appeal or whether that time period was factually connected to her unrelated misdemeanors as the State contends. Liedke also questions twenty-two days from May 15, 2018, to June 6, 2018, which the State believes should be credited to her revocation sentences.