COURT OF APPEALS
DECISION
DATED AND FILED

April 12, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP462-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2017CF313

IN COURT OF APPEALS
DISTRICT III

---

STATE OF WISCONSIN,

PLAINTIFF-APPELLANT,

V.

MICHAEL K. FERMANICH,

DEFENDANT-RESPONDENT.

---

APPEAL from a judgment of the circuit court for Langlade County: JOHN B. RHODE, Judge. *Reversed and cause remanded with directions.*

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. The State of Wisconsin appeals from the circuit court's grant of 433 days of sentence credit to Michael K. Fermanich on his

conviction for taking and driving a motor vehicle without the owner's consent in Langlade County. On the evening of September 30, 2017, Fermanich stole three trucks from three different locations in Langlade County, taking them for joyrides in Langlade and Oneida Counties. He was convicted in two consolidated cases on charges arising from the series of crimes. The court ordered concurrent sentences on each count and granted Fermanich credit for time served in pretrial custody on all counts, despite the fact that Fermanich was released on a signature bond in the Langlade County case during the period of pretrial custody.

¶2 The State argues that Fermanich's separate acts did not amount to one "course of conduct" pursuant to WIS. STAT. § 973.155(1)(a) (2019-20),[1] and he is therefore not entitled to sentence credit on the Langlade County conviction for pretrial custody served solely on the Oneida County charges. For the reasons that follow, we agree. We therefore reverse the circuit court's decision granting sentence credit and remand this matter with instructions to amend the judgment of conviction to reflect the correct amount of credit that Fermanich is entitled to, consistent with this opinion.

## BACKGROUND

¶3 The facts in this case are not in dispute. According to the criminal complaint, on the evening of September 30, 2017, Fermanich stole three vehicles in Langlade County and drove one of the vehicles to Oneida County. The first vehicle was a truck that was stolen from the Town of Antigo in Langlade County. Fermanich drove the truck to the Thirsty Bear Pub and abandoned the vehicle. He

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

then stole another truck outside the Thirsty Bear Pub and drove it to Fischer's Bar in the Town of Parish, also in Langlade County. Fermanich then abandoned the second truck and stole a third truck outside Fischer's Bar. He drove the third truck into Oneida County.

¶4 Law enforcement was alerted to the reports of the stolen vehicles. Oneida County Sheriff's Deputy Timothy Johnson eventually located Fermanich in the third truck and followed him as he "maneuvered through Oneida County." According to Johnson, Fermanich "attempt[ed] a sharp turn," which caused Fermanich to lose control of the vehicle. Fermanich was apprehended when the truck went down a steep ditch and into a creek.

¶5 Johnson approached the vehicle and spoke to Fermanich, who "seemed disoriented and said he was running." When Johnson inquired who he was running from, Fermanich replied, "Maybe God." Fermanich did not know who owned the truck he was driving, but he told Johnson that it was the third one he had taken that night.

¶6 Fermanich was subsequently charged in two separate cases, one each in Oneida and Langlade Counties. On October 1, 2017, he was charged in Oneida County case No. 2017CF245 with five counts: operating a motor vehicle without the owner's consent, two counts of attempting to flee or elude an officer, obstructing an officer, and failure to obey a traffic officer. Unable to post the cash bond ordered, Fermanich was held at the Oneida County jail for 433 days while awaiting disposition of the charges. On December 29, 2017, Fermanich was charged in Langlade County case No. 2017CF313 with three counts: felony operating a motor vehicle without the owner's consent and two counts of misdemeanor operating a motor vehicle without the owner's consent (joyriding),

all as a repeater. The circuit court imposed a signature bond on all counts in the Langlade County case.

¶7 The parties reached a plea agreement, and the cases were consolidated for the purpose of Fermanich's pleas.[2] Fermanich pled to three counts: (1) Count 1, operating a motor vehicle without the owner's consent as a repeater, for taking the first vehicle in Langlade County; (2) Count 4, operating a motor vehicle without the owner's consent, for the third vehicle driven in Oneida County; and (3) Count 5, attempting to flee or elude an officer, in Oneida County. The remaining counts were dismissed and read in.

¶8 The circuit court withheld sentence and imposed five years' probation on all counts. The court also imposed thirty days of jail time on Count 1 as a condition of probation. The judgment of conviction listed 433 days of pretrial sentence credit on Count 4 but not on Counts 1 or 5.

¶9 Fermanich's probation was ultimately revoked,[3] and he was returned to the circuit court for sentencing. The court imposed concurrent sentences of eighteen months' initial confinement and twenty-four months' extended supervision on each of the three counts. Fermanich filed a motion the day before the sentencing hearing, requesting that his judgment of conviction be modified to reflect that the 433 days of sentence credit for his pretrial detention be applied

---

[2] Oneida County case No. 2017CF245 was dismissed. The State filed an amended Information in Langlade County case No. 2017CF313, which added the five charges from the Oneida County case as Counts 4 through 8.

[3] According to the record, Fermanich committed several probation violations in 2019 and 2020, and he spent time in custody on probation holds and two agreements to serve conditional time as an alternative to revocation.

against all counts. The State objected to his request, arguing that the 433 days "would apply to Counts 4 and 5, but [do] not apply to Count 1." Both parties agreed, however, that Fermanich was entitled to an additional 198 days of credit for probation holds and extra conditional jail time. The court ordered the 198 days of credit[4] but scheduled a hearing to address the remaining credit issue.

¶10    Before the hearing, the Department of Corrections (DOC) sent the circuit court a letter, stating its belief that Fermanich was entitled to additional credit. According to DOC, Fermanich was entitled to 236 days of credit on Count 1, which included 205 days for probation holds and conditional time and thirty-one days[5] for the conditional jail time originally imposed. DOC also determined that Fermanich was entitled to 638 days of credit on Count 4, which included the 433 days of credit originally ordered in addition to the 205 days for probation holds and conditional time. In its letter, DOC did not address Count 5 or Fermanich's request for 433 days of credit on Count 1.

¶11    At the hearing, the only dispute was whether Fermanich was entitled to 433 days of credit against his sentence on Count 1.[6] Citing to *State v. Tuescher*, 226 Wis. 2d 465, 595 N.W.2d 443 (Ct. App. 1999), the State argued

---

[4] The circuit court mistakenly applied the 198 days to Count 1 only.

[5] DOC concluded that Fermanich was entitled to thirty-one days of credit for the thirty days of conditional jail time imposed on Count 1 because he was in custody from December 6, 2018, to January 5, 2019. *See State v. Antonio Johnson*, 2018 WI App 2, ¶8, 379 Wis. 2d 684, 906 N.W.2d 704 (2017) (a defendant is due a day of credit for any portion of a day spent in custody). The parties agree that the circuit court failed to order credit for the thirty-one days on Count 1. *See State v. Gilbert*, 115 Wis. 2d 371, 340 N.W.2d 511 (1983) (offender entitled to sentence credit for jail time served as condition of probation).

[6] The parties agreed with DOC's calculation on Count 4—638 days of credit—but also agreed that the same credit was due on Count 5. The parties also agreed with DOC that Fermanich was entitled to at least 236 days of credit on Count 1.

that the credit was unavailable on Count 1—the Langlade County count—because the Oneida County pretrial custody was not in connection with the "course of conduct" for which Fermanich was sentenced in Count 1. Fermanich claimed that "course of conduct" refers to the "factual connection" between the sentences, and "he was ultimately sentenced in his Langlade case for the same specific acts that led to his custody in the Oneida County Jail."

¶12 The circuit court granted Fermanich's motion for 433 days of sentence credit on Count 1. The court first observed that "the state of the case law in this situation is a mess in the State of Wisconsin." Although the court acknowledged that "[t]hese were separate crimes in a separate county," it concluded that "[t]his was all the same course of conduct. It happened on the same day within a short period of time." According to the court, "both sides are right," but it explained that it was deciding in favor of Fermanich because if its decision were reversed on appeal, Fermanich "would have already served the sentence. And that always troubles [the court] when that happens." The court amended the judgment of conviction, granting Fermanich 638 days of credit on all three counts. The State appeals.

**DISCUSSION**

¶13 This case requires us to apply the sentence credit statute, WIS. STAT. § 973.155, to a particular set of facts, which presents a question of law that we review de novo. *State v. Kontny*, 2020 WI App 30, ¶6, 392 Wis. 2d 311, 943 N.W.2d 923. We will, however, uphold the circuit court's findings of fact unless clearly erroneous. *Id.* "Tallying and awarding sentence credit originated as a matter of equal protection." *State v. Obriecht*, 2015 WI 66, ¶23, 363 Wis. 2d 816, 867 N.W.2d 387 (citing *Klimas v. State*, 75 Wis. 2d 244, 249, 249 N.W.2d 285

6

(1977)).  Accordingly, "[s]entence credit is designed to afford fairness so that a person does not serve more time than that to which he or she is sentenced." *Id.*

¶14    Determining the proper amount of sentence credit requires application of WIS. STAT. § 973.155 to undisputed facts.  Section 973.155(1)(a) provides, in pertinent part:

> (1)(a) A convicted offender shall be given credit toward the service of his or her sentence for all days spent in custody in connection with the course of conduct for which sentence was imposed.  As used in this subsection, "actual days spent in custody" includes, without limitation by enumeration, confinement related to an offense for which the offender is ultimately sentenced, or for any other sentence arising out of the same course of conduct, which occurs:
>
> 1.  While the offender is awaiting trial;
>
> 2.  While the offender is being tried; and
>
> 3.  While the offender is awaiting imposition of sentence after trial.

Thus, a defendant is entitled to sentence credit if (1) the defendant "was 'in custody' for the period under consideration" and (2) that "custody was 'in connection with the course of conduct for which sentence was imposed.'" *Obriecht*, 363 Wis. 2d 816, ¶25 (citation omitted).

¶15    "To qualify as time spent 'in connection with' the course of conduct giving rise to a sentence, a period of custody must be 'factually connected with the course of conduct for which sentence was imposed.'" *State v. Zahurones*, 2019 WI App 57, ¶14, 389 Wis. 2d 69, 934 N.W.2d 905 (quoting *State v. Elandis Johnson*, 2009 WI 57, ¶3, 318 Wis. 2d 21, 767 N.W.2d 207).  The presentence custody's connection to "the sentence imposed must be factual; a mere procedural connection will not suffice." *Elandis Johnson*, 318 Wis. 2d 21, ¶33.  "The term

7

'course of conduct,' in turn, refers to the specific offense or acts embodied in the charge for which the defendant is being sentenced." *Zahurones*, 389 Wis. 2d 69, ¶14 (citing *Tuescher*, 226 Wis. 2d at 471-72).

¶16    In this case, there is no dispute that Fermanich was "in custody" during the time period at issue; thus, we must consider only whether the custody was "in connection with the course of conduct for which sentence was imposed." On appeal, the State argues that Fermanich is not entitled to the additional sentence credit on Count 1, as Fermanich's Oneida County custody was not "in connection with" the *specific acts* for which he was sentenced on Count 1. We agree.

¶17    In support of its position, the State relies on *State v. Gavigan*, 122 Wis. 2d 389, 362 N.W.2d 162 (Ct. App. 1984), and *Tuescher*. In *Gavigan*, this court denied the defendant sentence credit for time spent on one sentence before a later sentence was imposed and ordered to be served concurrently. *Gavigan*, 122 Wis. 2d at 391. There, the defendant stole money from a bowling alley and the next day led law enforcement on a high-speed chase. *Id.* at 390. He was charged separately with the robbery and fleeing an officer. He later pled to the fleeing an officer count and was ordered to serve six months' imprisonment. *Id.* Gavigan was subsequently tried and convicted of the robbery and sought 107 days of credit against the robbery sentence for time served on the fleeing sentence. *Id.* at 391. The defendant argued on appeal "that the robbery and fleeing charges are closely related enough to constitute a 'course of conduct.'" *Id.* at 393. We disagreed, concluding that the fleeing charge "arose from a separate and unrelated incident" from the robbery and was not "in connection with his leaving the robbery scene." *Id.* at 394-95.

8

¶18 Likewise, in ***Tuescher***, we concluded that the defendant was not entitled to credit for time in custody "serving sentences imposed for other criminal acts." ***Tuescher***, 226 Wis. 2d at 467. There, the defendant burglarized a restaurant while armed with a shotgun. ***Id.*** He exchanged gunfire with law enforcement and wounded an officer. ***Id.*** He was found guilty after a jury trial of attempted second-degree intentional homicide, attempted burglary, and possession of a firearm by a felon. ***Id.*** Later, the defendant's sentence on the attempted homicide charge was vacated, and he pled guilty to first-degree reckless injury. ***Id.*** at 468. He sought sentence credit for the time served after the court vacated the attempted homicide conviction to the date of his plea, arguing that the shooting of the officer and the burglary and possession charges were in the "same course of conduct" and constituted a "criminal episode." ***Id.*** at 470-71.

¶19 We denied the sentence credit, adopting a narrower interpretation of the phrase "course of conduct." In reaching that conclusion, we relied on ***Gavigan***. We acknowledged that the multiple offenses at issue in the case were "more closely related than those in ***Gavigan***," but we denied that "this difference is significant under [WIS. STAT. §] 973.155." ***Tuescher***, 226 Wis. 2d at 475. We observed that "Wisconsin cases interpreting the phrase 'course of conduct' support the State's position that under § 973.155, one sentence does not arise from the same course of conduct as another sentence unless the two sentences are based on the *same specific acts*." ***Tuescher***, 226 Wis. 2d at 475, 479 (emphasis added).

¶20 In this case, we agree with the State that Fermanich was in custody on Counts 4 and 5 for a different course of conduct than that for which sentence was imposed on Count 1. As the State aptly observes, "[t]hese were separate specific acts—they were committed in different locations at different specific times targeting different trucks owned by different individuals—and thus

9

constituted two different 'course[s] of conduct for which sentence was imposed.'" *See* WIS. STAT. § 973.155(1)(a). The specific act or offense for which sentence was imposed on Count 1 was taking and driving the first truck in Langlade County, a charge for which Fermanich posted a signature bond. The Oneida County custody was connected to the specific offenses Fermanich committed in that county, including taking and driving the third stolen truck into Oneida County (Count 4) and attempting to elude an officer (Count 5). Notably, Fermanich could have reflected and stopped his conduct before he drove the third vehicle from Langlade County into Oneida County and then attempted to elude an officer. Because the Oneida County custody was not in connection with the specific acts for which sentence was imposed on Count 1, Fermanich is not entitled to 433 days of credit against Count 1 for that custody.

¶21 Fermanich's arguments to the contrary are not persuasive. First, Fermanich argues that the 433 days of pretrial custody were factually connected to Count 1 because he was arrested "for the entirety of his conduct on that day." According to Fermanich, he "was arrested on September 30, 2017, after taking three vehicles, one after the other, before trying to evade police and being arrested…. Law enforcement became aware of what was happening after the first vehicle was taken and after that, were in continuous pursuit of Mr. Fermanich." Thus, Fermanich contends that his charges all arose out of a continuous course of conduct; however, Fermanich is mistaken.

¶22 As an initial matter, to the extent Fermanich is arguing that his custody is factually related because his *arrest* was for the entirety of his conduct on that evening, we note that WIS. STAT. § 973.155(1)(a) does not direct us to consider the basis for a convicted offender's arrest. Instead, we are to consider the "days spent in custody in connection with the course of conduct for which

10

sentence was imposed." *See* § 973.155(1)(a). Further, as the State recognizes, an arrest appears to provide only a procedural, rather than factual, connection between offenses. *See Elandis Johnson*, 318 Wis. 2d 21, ¶33. In addition, Fermanich provides no authority for his argument that we must consider law enforcement's continuous pursuit as determinative of whether his acts were part of the same course of conduct.

¶23 Finally, in *Tuescher*, we rejected an identical argument that a defendant was entitled to credit against all convictions arising from his actions because they were all part of a single "criminal episode." There, we considered this broader reading and discarded it in favor of a narrower interpretation of "course of conduct" to mean "the specific 'offense or acts' embodied in the charge for which the defendant is being sentenced." *Tuescher*, 226 Wis. 2d at 471.

¶24 Fermanich argues that the State's reliance on *Tuescher* and *Gavigan* is misplaced because, in this case, the dispute relates to his pretrial credit, while those cases involved time spent in custody between the commencement of one sentence and the commencement of another. We disagree. We see neither any reason nor any language in the statute indicating that the interpretation of "course of conduct" under WIS. STAT. § 973.155(1) would apply differently based on whether the custody was pretrial or otherwise. Further, the language in *Tuescher* has been applied in other contexts. *See, e.g.*, *State ex rel. Thorson v. Schwarz*, 2004 WI 96, ¶¶1, 31, 274 Wis. 2d 1, 681 N.W.2d 914 (applying *Tuescher*'s interpretation of the phrase "course of conduct" to a pretrial situation).

¶25 Fermanich also argues that denying him credit on Count 1 would effectively deprive him of credit on Counts 4 and 5 because the sentences were imposed concurrently. Fermanich claims, citing to *State v. Ward*, 153 Wis. 2d

743, 746, 452 N.W.2d 158 (Ct. App. 1989), that "[i]f a person is in custody in connection with more than one charge, and the charges result in concurrent sentences, the defendant is entitled to credit on each sentence."

¶26    Our supreme court explicitly rejected this argument in *Elandis Johnson*.  There, the court explained that "*Ward* demonstrates that when a defendant spends time in presentence custody and the reason for that presentence custody is 'in connection with the course of conduct for which sentence was imposed,' then the time spent in presentence custody must be credited against the ultimate sentence imposed." *Elandis Johnson*, 318 Wis. 2d 21, ¶65 (citing *Ward*, 153 Wis. 2d at 744-45).  Nevertheless, "*Ward* also demonstrates that, in order for time in presentence custody to be credited to the sentence imposed, there must be a factual connection between the presentence custody and the sentence." *Elandis Johnson*, 318 Wis. 2d 21, ¶66 (citing *Ward*, 153 Wis. 2d at 744).  Further, WIS JI—CRIMINAL SM-34A (2017) acknowledges that there will be "situations where the periods of time for which credit is due on unrelated concurrent sentences will not line up with each other.  Some credit will be due on one sentence and a different amount of credit will be due on another." *See also Elandis Johnson*, 318 Wis. 2d 21, ¶63 (quoting WIS JI—CRIMINAL SM-34A (1995) for the same proposition).  Here, there is no factual connection between the course of conduct giving rise to Fermanich's pretrial custody on Counts 4 and 5 and the sentence imposed on Count 1.

¶27    Fermanich next argues that he "cannot be denied credit on Count 1 based on the fact he was on a signature bond on that count."  He points to our decision in *Zahurones*.  There, the defendant was on a signature bond on Count 2, but she remained in custody on probation holds on the remaining counts. *Zahurones*, 389 Wis. 2d 69, ¶¶15, 18.  The state argued that the "custody during

the probation holds was not 'in connection with' the course of conduct for which [Zahurones] was sentenced on Count 2 because [she] was technically 'free' on a signature bond" on that count.  *Id.*, ¶18.  We disagreed with the state's position, observing that both this court and the Wisconsin Supreme Court have upheld sentence credit under those circumstances, and we concluded the same course of conduct gave rise to all charges in that case.[7]  *Id.*  Here, as the State explains, it is not arguing that "Fermanich is not entitled to credit just because he was on a signature bond."  Fermanich is being denied sentence credit on Count 1 because his custody was not connected to the course of conduct for which sentence was imposed.[8]

---

[7] We note that Fermanich also relies on the facts of *State v. Zahurones*, 2019 WI App 57, ¶14, 389 Wis. 2d 69, 934 N.W.2d 905, in support of his position, calling it "instructive."  We disagree and find *Zahurones* distinguishable.  There, we concluded that the periods of custody during which Zahurones was on probation holds for Counts 1, 2, 3, and 5 were "factually connected with the course of conduct for which she was sentenced on Count 2."  *Id.*, ¶15.  We explained,

> Critically, Counts 1, 2, 3, and 5 each arose from the same course of conduct.  Namely, on July 3, 2015, police entered Zahurones' home and found drugs and drug paraphernalia in her possession; Zahurones' child was removed from the home and tested positive for methamphetamine, to which she was likely exposed due to Zahurones' drug use and possession; and Zahurones refused to follow the officers' instructions and resisted arrest.

*Id.*  As the State identifies, the state in *Zahurones* did not dispute the "course of conduct" issue, so the holding in that case is of little value here.

[8] Fermanich also makes an undeveloped argument in a footnote of his brief citing to *State v. Carter*, 2010 WI 77, 327 Wis. 2d 1, 785 N.W.2d 516.  He notes that "[c]learly, the charges were related in this case," but he claims that "sentence credit is owed even where charges are unrelated so long as the charge at issue is part of the reason for the custody."  In *Carter*, the defendant was charged in Wisconsin with a crime, and a warrant was issued.  *Id.*, ¶¶58-59.  The defendant was then arrested in Illinois on unrelated charges and the Wisconsin warrant.  *Id.*, ¶62.  Our supreme court determined that "a factual connection exist[ed] between the defendant's presentence custody in Illinois and the Wisconsin sentence imposed" because "the defendant was arrested and taken into custody in Illinois on the basis of the outstanding Wisconsin felony warrant."  *Id.*, ¶78.

(continued)

¶28 Finally, Fermanich argues that under our supreme court's decision in *State v. Floyd*, 2000 WI 14, 232 Wis. 2d 767, 606 N.W.2d 155, *abrogated on other grounds by State v. Straszkowski*, 2008 WI 65, 310 Wis. 2d 259, 750 N.W.2d 835, he is entitled to credit for the time spent in custody on his read-in charges. This argument is also unavailing. In *Floyd*, the court adopted a bright-line rule that "pre-trial confinement on a dismissed charge that is read in at sentencing relates to 'an offense for which the offender is ultimately sentenced.'" *Id.*, ¶32 (citation omitted). Here, the remaining five counts in Fermanich's amended Information were dismissed and read in at sentencing. This included two counts from the Langlade County case and three counts from the Oneida County case. Unlike in *Floyd*, Fermanich received credit for custody associated with the dismissed and read-in charges. Fermanich served no time in custody on the two dismissed and read-in Langlade County counts, and he received credit on Counts 4 and 5 for the time served on the dismissed and read-in Oneida County counts. Therefore, he received credit for all time spent on the dismissed and read-in counts.

¶29 As a final matter, the parties agree that Fermanich is entitled to thirty-one days of sentence credit for the conditional jail time imposed at the original sentencing on Count 1. Accordingly, we reverse and remand with directions to amend the judgment of conviction to remove 433 days of credit and add thirty-one days of credit on Count 1.

---

While the State does not argue that Fermanich is not entitled to the sentence credit because he was on a signature bond, the State does note that "the existence of the signature bond dooms Fermanich's argument under [*Carter*] that, even if his custody was not connected to Count 1, the custody was still 'in part' the result of the Langlade County case. It was not; Fermanich was on a signature bond in that case." We agree.

*By the Court.*—Judgment reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

15